NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| LAMONT WALKER, GLORIA WALKER, QUIANNA WALKER, JUSTICE WALKER, KYAHEM WALKER, and NAYQUAN WALKER, | : : : : | **Hon. Dennis M. Cavanaugh** |
| | : | **OPINION** |
| Plaintiffs, | : : | Civil Action No. 09-2186 (DMC) |
| v. | : : | |
| CLIFTON POLICE DEPARTMENT, *et al.*, | : : : | |
| Defendants. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

  This matter comes before the Court upon motion by Defendant Clifton Police Department (the "Police Department") for summary judgment as to the claims of *pro se* Plaintiffs Lamont and Gloria Walker, and their children Quianna, Justice, Kyahem, and Nayquan (collectively "Plaintiffs"). Joining in the Police Department's motion are defendants Clifton Boys' and Girls' Club, Officer Paul Hesselberger, Detective Darren Brodie, Sergeant Andre Moreira, Officer Michael Mac Dermott, Officer Kasey Kide, Rina Witrow and Kathy Bestow (collectively "Defendants"). No oral argument was heard pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons stated below, Defendants' motion for summary judgment is **granted** and Plaintiffs' Complaint is dismissed with prejudice.

## BACKGROUND[1]

On May 21, 2006, members of the Police Department were summoned to the Boys' and Girls' Club in Clifton, New Jersey by employees of the Club on a report of unwanted parties in the pool area. Defs.' Br. 1-2. Upon arrival at the scene, Club employees Kathy Bestow and Rina Witrow informed the responding officers that Plaintiffs had improperly entered the Club, and refused to leave notwithstanding the fact that they were not members. Id. at 2. When Mr. Walker was approached by police, he made a scene, shouting expletives and disrupting Club members. He was arrested after refusing to leave the premises peaceably.

Later that day, Mrs. Walker went to the Clifton Police Department and asked to speak with one of the officers present during her husband's arrest. Id. at 5. While there, a scuffle ensued between Mrs. Walker and various police officers that ultimately resulted in her arrest. Id. The Complaint alleges that Mrs. Walker was fondled, groped and attacked by Defendants Sargent Moreira, Officer Mac Dermott and Detective Brodie of the Clifton Police Department. Compl. 1. Plaintiffs further allege that Mrs. Walker was denied medical attention for the lacerations and the head trauma she sustained from this purported attack. Id. at 2. Quianna, the Walkers' eleven year-old daughter, was also involved in an altercation with officers wherein she hit Officer Hesselberger in the face. She was subsequently arrested. Id. Quianna was also allegedly denied medical and psychological treatment. Id. Plaintiffs claim that at no point were they given Miranda warnings, that their bond was excessive and that they were continually harassed and bullied by the officers at the Police Department. Id. at 3.

---

[1] For purposes of this motion, the Court accepts Plaintiffs' allegations as true and makes all reasonable inferences in favor of Plaintiffs. The facts are derived from the parties' submissions.

Mr. and Mrs. Walker were charged with various offenses and tried by a Hawthorne Municipal Court Judge in 2008. Defs.' Br. 6. Mr. Walker was found guilty of Defiant Trespasser, N.J.S.A. 2C:18-3(b), Causing or Risking Widespread Injury or Damage, N.J.S.A. 2C:17-2(c), Terroristic Threats, N.J.S.A. 2C:12-3(a), Child Neglect, N.J.S.A. 9:6-1(a) and Offensive Language, N.J.S.A. 2:C:33-2(b). Id. at 7. Mrs. Walker was found guilty of Simple Assault, N.J.S.A. 2C:12-1(a)(1), Defiant Trespasser, N.J.S.A. 2C:18-3(b) and Offensive Language, N.J.S.A. 2C:33-2(b). Id. at 6-7.

Plaintiffs filed a pro se Complaint with this Court on May 5, 2009 asserting a variety of claims pursuant under 42 U.S.C. §1983,² including allegations of false arrest, illegal search and seizure, excessive force and malicious prosecution.

## STANDARD OF REVIEW

"A court reviewing a summary judgment motion must evaluate the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." Gaston v. U.S. Postal Serv., 319 Fed. Appx. 155, 157 (3d Cir. 2009). However, "[t]he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).

---

²Though Plaintiffs have not properly pled all of their claims, the Court, granting leeway in consideration of Plaintiffs' pro se status, will consider each attempted claim, including those against the entity Defendants. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992); see also Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658 (1978) (holding that a party seeking to hold an entity liable under Section 1983 must show "that a policy or custom of the entity lead to a violation of a plaintiff's right.").

Generally, "[a] party against whom relief is sought may move, with or without supporting affidavits, for summary judgment on all or part of the claim" at any time "until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b), (c). "[T]he burden on the moving party may be discharged by 'showing'— that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Cartrett, 477 U.S. 317, 325 (1986). "[R]egardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. (citing Fed. R. Civ. P. 56(c)).

> When a motion for summary judgment is properly made and supported, [by contrast,] an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2). If "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Indeed, "unsupported allegations in [a] memorandum and pleadings are insufficient to repel summary judgment." See Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990). Rule 56(e) permits "a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Id. (quoting Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888-89 (1990)). "It is clear enough that unsworn statements of counsel in memoranda submitted to the court are even less effective in meeting the requirements of Rule 56(e) than are the unsupported allegations of the pleadings." Schoch, 912 F.2d at 657.

**DISCUSSION**

A. Statute of Limitations

Plaintiffs filed their pro se Complaint on May 5, 2009. Defendants argue that because the Complaint was filed more than two years after Plaintiffs' arrests, Defendants are entitled to summary judgment on the Section 1983 and Monell claims. This Court agrees.

"The statute of limitations for any Section 1983 claim is the state statute which limits actions for personal injuries." Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989); see Owens v. Okure, 488 U.S. 235, 250 (1989) ("[W]here state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions."). The present action was filed in New Jersey, and thus, New Jersey's two-year personal injury statute of limitations applies. N.J.S.A. 2A:14-2 ("Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within two years next after the cause of any such action shall have accrued . . . ."); Cito, 892 F.2d at 25 (applying N.J.S.A. 2A: 14-2 to Section 1983 claims). Accordingly, Plaintiffs must have filed their Complaint within two years of when their claims accrued.

Under federal law, "'the limitations period begins to run from the time when plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action.'" Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998) (noting that claims for false arrest and false imprisonment begin to accrue "the night of [the plaintiff's] arrest and detention"). All of plaintiffs claims, save those for malicious prosecution stem from the events that allegedly

transpired on May 21, 2006.  Therefore, that is the accrual date for statute of limitations purposes. Plaintiffs filed their Complaint well outside the two year limitations window and have not offered any explanation for this delay.  Therefore, Plaintiffs claims are time-barred and summary judgment must be entered in favor of Defendants.

B.  Malicious Prosecution

Though Plaintiffs' malicious prosecution claim is not subject to the same statutory bar as the other claims because it arises from Plaintiffs' prosecution in 2008, Defendants argue that this claim must also be dismissed because Plaintiffs have failed to meet the required elements to establish this cause of action.   This Court agrees.

In order to establish a malicious prosecution claim under Section 1983, Plaintiffs must demonstrate that:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

Dibella v. McLaughlin, 407 F.3d 599, 601 (3d Cir. 2005) (citing Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003)).  Plaintiffs have failed to satisfy these requirements because the criminal proceedings did not end in their favor and there is no evidence that the proceedings were initiated without probable cause.

Following a trial in 2008, both Mr. and Mrs. Walker were convicted of various crimes. Mr. Walker was found guilty of being a defiant trespasser, causing or risking widespread injury or

damage, terroristic threats, child neglect, and offensive language. Defs.' Br. 21-22. Upon conviction, the municipal court judge merged the causing or risking widespread injury, terroristic threats and child neglect counts with the defiant trespass and offensive language counts. Id. The defiant trespasser and offensive language convictions were upheld on appeal. Mrs. Walker was found guilty of three counts of simple assault, one count of defiant trespass, and one count of offensive language. On appeal, two of the simple assault convictions were reversed on the grounds that Mrs. Walker's actions towards Office Mac Dermott and Detective Brodie of the Clifton Police Department did not rise to the required level of culpability. Id. at 23.

Mr. Walker's convictions establish that the criminal proceedings did not resolve in his favor and so he fails to meet the second requirement of a malicious prosecution claim. Though two of Mrs. Walker's convictions were overturned, her convictions on the three remaining counts were affirmed, therefore, it cannot be said that the criminal proceedings ended in her favor. Moreover, there is no evidence in the record to establish a lack of probable cause or malicious intent in prosecuting Mrs. Walker for her crimes. Thus, a malicious prosecution claim fails as to her as well.[3]

## CONCLUSION

For the reasons set forth above, Defendants' motion for summary judgment is hereby granted and the Complaint is dismissed with prejudice.

                              S/ Dennis M. Cavanaugh
                              Dennis M. Cavanaugh, U.S.D.J.

Date:      February  25 , 2011
Original:  Clerk's Office
cc:        All Counsel of Record
           The Honorable Joseph A. Dickson, U.S.M.J.
           File

---

[3] The Court will not address Quianna Walker's arrest because there are no facts in the record as to whether she was prosecuted and Plaintiffs do not reference any malicious prosecution claim as to her.